RULEY, JUDGE:
Joseph Keller, Jr., aged 22 years, was employed during the severe winter weather in January, 1978, to plow snow with his bulldozer upon the Wetzel County Road in Preston County. On January 24, 1978, his brother, Douglas, who then was aged 17 years, pursuant to his request, followed him with a pickup truck so that he might have a place to get warm. As the Keller bulldozer met and passed a bulldozer being operated by the West Virginia National Guard, the Keller bulldozer slid off or partly off the roadway and was unable to get back on it under its own power. There was a conflict in the testimony as to whether there was any contact between the two bulldozers, but, since no damage to the Keller bulldozer is claimed, that point is not significant.
In any event, the National Guard bulldozer, manned by an operator and an assistant, was stopped so that its winch could be used to assist the Keller bulldozer back upon the roadway. The operator’s assistant got off the vehicle and moved to its rear to disengage the hook upon the winch cable. At that *23 time, Douglas was nearby. Despite the fact that the motor was running, Douglas, believing that he heard the operator tell him to “Pull it out” (although the operator disputed that testimony), unfortunately took hold of the cable with his right hand. Douglas testified that he was aware that winches and winch cables were dangerous but “assumed it was safe for the time being”. At that moment, the operator, being unaware of the danger into which Douglas had placed his hand, “kicked it in reverse just a little bit” so that his assistant “could get enough slack so he could unhook it”. At virtually the same time, he saw that “the boy had his hand in the cable” and “kicked it back into forward and he got his hand out”.
Douglas sustained a compound fracture of the distal phalanx of his right middle finger and soft tissue injuries resulting in 50% disability of his right middle finger, those injuries being the basis of this claim. While the Court is sympathetic to the claimants, it cannot conclude that the operator of the bulldozer should be held to a standard of care which would require him to anticipate or foresee that a person would place his hand in such a dangerous position. Accordingly, this claim must be denied.
Claim dissallowed.